## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  ) | |
| ) | |
| Plaintiff,  ) | CASE NO. |
| ) | |
| v.  ) | **COMPLAINT** |
| ) | |
| ) | JURY TRIAL DEMAND |
| THE SHELL FACTORY, L.C., d/b/a  ) | INJUNCTIVE RELIEF |
| THE SHELL FACTORY AND NATURE PARK,  ) | SOUGHT |
| ) | |
| Defendant.  ) | |

## NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Ara DerOvanesian (hereafter "DerOvanesian"), who was adversely affected by such practices. As stated with greater particularity in paragraph 8 below, the Equal Opportunity Commission (hereafter "EEOC" or "the Commission") alleges that Defendant, The Shell Factory, L.C., d/b/a The Shell Factory and Nature Park (hereafter "Shell Factory"), discriminated against DerOvanesian because of disability when it terminated his employment, denied him employment opportunities, and failed to provide him with a reasonable accommodation.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. § 2000e-5 (f)(1) and (3) and pursuant to  § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107 (a) of the ADA, 42 U.S.C. § 12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4.      At all relevant times, Defendant Shell Factory has been a Florida corporation doing business in Fort Myers, Florida and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Shell Factory has continuously been an employer engaged in an industry affecting commerce under Section 101 (5) of the ADA, 42 U.S.C. § 12111 (5), and Section 101 (7) of the ADA, 42 U.S.C. § 12111 (7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101 (2) of the ADA, 42 U.S.C. § 12111 (2).

2

## STATEMENT OF CLAIMS

7.     More than 30 days prior to the institution of this lawsuit, DerOvanesian filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Shell Factory. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least January 2006, Defendant Shell Factory has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112:

   a) Defendant Shell Factory hired DerOvanesian and then fired him because he has disabilities or, in the alternative, denied him the opportunity to work for Defendant; and

   b) Defendant Shell Factory failed to provide DerOvanesian with a reasonable accommodation for his disabilities.

9.     The effect of the practices complained of in paragraph 8 above has been to deprive DerOvanesian of equal employment opportunities because of his disability.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice and/or with reckless indifference to the federally protected rights of DerOvanesian.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully request that this Court:

A.     Grant a permanent injunction enjoining Defendant Shell Factory, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to provide reasonable accommodation to qualified individuals with disabilities, discharging

3

qualified individuals because of a disability, and engaging in any other employment practice which discriminates on the basis of disability.

B.    Order Defendant Shell Factory to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Shell Factory to make whole DerOvanesian by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendant Shell Factory to make whole DerOvanesian by providing compensation for past losses resulting from the unlawful employment practices described in paragraph 8 above including, but not limited to, out of packet losses suffered by DerOvanesian in amounts to be determined at trial.

E.    Order Defendant Shell Factory to make whole DerOvanesian by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.    Order Defendant Shell Factory to pay DerOvanesian punitive damages for its malicious and/or reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

4

H.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

NORA E. CURTIN
Regional Attorney

Lauren G. Dreilinger

Lauren G. Dreilinger
Trial Attorney
NY Bar No. 750288890
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower, Suite 2700
Two South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 808-1795 Direct
Tel.: (305) 808-1853 Main
Fax : (305) 808-1835
Email: Lauren.dreilinger@eeoc.gov